UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME W. KOBISHOP,

    Plaintiff,

v.                                             Case No. 16-C-0037

MICHAEL G. PERRY et al.,

    Defendants.

## ORDER AMENDING JUDGMENT

Plaintiff has filed a motion to amend the judgment in this case from a dismissal with prejudice to a dismissal without prejudice, and he appears to also request a change of venue and judge. On January 15, 2016, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* because his filings indicated he was not indigent. The Court also dismissed his case with prejudice under 28 U.S.C. § 1915(e)(2)(B) because the complaint appeared to be frivolous and failed to state a claim for relief. Since the dismissal, Plaintiff has paid the full filing fee and he indicates he has sought assistance of counsel to re-plead.

Suits dismissed as frivolous normally cannot be re-filed, *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 775 (7th Cir. 2002), but in this case, upon further reflection, it would be more accurate to characterize Plaintiff's complaint as legally deficient (i.e. as failing to state a claim) than as frivolous. It may well be frivolous also, but the complaint is so devoid of facts that it is difficult to make any such determination. Plaintiff's motion to amend is therefore **GRANTED** and the Clerk is directed to amend the judgment to reflect that the dismissal is without prejudice. **Any amended complaint shall be filed within 30 days of the date of this order**.

Plaintiff's request to change venue and judge is **DENIED**. As grounds for the request Plaintiff indicates that while in private practice in the 1980s, I served as counsel for one of the defendants in the case, Michael G. Perry. Disqualification is required where a judge served as a lawyer in the matter in controversy, 28 U.S.C. § 455(b)(2), but not because before taking the bench a judge had a professional relationship with a party in an unrelated matter. *Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 307 F.3d 617, 621–22 (7th Cir. 2002) ("[A] judge's former representation of a litigant does not imply any need to disqualify under § 455(a) because "his impartiality might reasonably be questioned." Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event. The norm among new appointees to the bench is that once two years pass, perhaps even earlier, a judge is free to sit in controversies involving former clients." (internal citations omitted)). I note that my representation of Mr. Perry was some 30 years ago, and there has been no ongoing relationship.

**SO ORDERED** this   10th   day of February, 2016.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court