UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME W. KOBISHOP,

        Plaintiff,

v.                                                                  Case No. 16-CV-0037

LORI KOBISHOP et al.,

        Defendants.

## ORDER FOR DISMISSAL

On January 15, 2016, this Court denied the pro se Plaintiff's motion for leave to proceed *in forma pauperis* and further dismissed the complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). ECF No. 5. After judgment was entered, Plaintiff paid the full filing fee and filed a motion to amend the judgment in which he indicated he was working with an attorney for the purpose of filing an amended complaint. The Court noted that frivolous suits normally cannot be re-filed but concluded upon further reflection of Plaintiff's complaint that it was more accurately characterized as deficient as a pleading matter (i.e. as failing to state a claim) than as frivolous. "It may well be frivolous also," I noted, "but the complaint is so devoid of facts that it is difficult to make any such determination." ECF No. 8 at 1. The Court therefore granted Plaintiff's motion to amend the judgment to reflect that the dismissal was without prejudice and ordered any amended complaint to be filed within 30 days. After a short extension, ECF No. 12, Plaintiff timely filed an amended (still) pro se complaint on March 31, 2016. ECF No. 24.

Plaintiff alleges federal jurisdiction based on 28 U.S.C. § 1331 and he alleges discrimination under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132. That law provides in relevant part "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[.]" To prove a violation of this statute, however, a plaintiff must show he was disabled under the statute, he was otherwise qualified to participate in a particular public program, and that he was discriminated against because of his disability. *Stanek v. St. Charles Community Unit School Dist. No. 303*, 783 F.3d 634, 641 (7th Cir. 2015). Plaintiff's amended complaint alleges none of the above.

Instead, Plaintiff appears to have compiled all the claims he has filed in this Court in the past[1] and re-filed them as ADA claims. But his claims have nothing to do with disability discrimination. For example, Plaintiff alleges his ex-wife "discriminated against plaintiff as disabled by" damaging his property after they separated and obtaining a restraining order against him, among other things. Am. Compl. ¶ 44. He alleges various attorneys, court commissioners, judges and others apparently involved in Plaintiff's state court legal proceedings "discriminated against plaintiff as disabled by" abusing legal processes or wrongfully issuing injunctions, etc. In sum, in paragraphs 44 through 81 of the amended complaint (most of which have several subparagraphs), Plaintiff asserts a great many grievances, none of which appears to have anything to do with a claimed entitlement to public benefits or discrimination in relation to such benefits.

---

[1] *See* Case Nos. 14-CV-406 (dismissing without prejudice claims related to Plaintiff's detention in Marinette County Jail), 14-CV-802 (dismissing with prejudice claims against Marinette County and Mendota Mental Health Institute), 15-CV-1008 (dismissing suit against City of Sturgeon Bay for failure to prosecute), and 15-CV-1077 (dismissing with prejudice numerous claims relating to Plaintiff's commitment to Mendota, and other issues).

Accordingly, Plaintiff's claims under the ADA must be **DISMISSED**. Furthermore, as Plaintiff has now included sufficient detail from which the Court can properly conclude the asserted claims are frivolous, Plaintiff's amended complaint is dismissed **WITH PREJUDICE**. The Clerk of Court is directed to enter an amended judgment to that effect forthwith.

Given the dismissal, Plaintiff's motions "for change of service procedure" and "to allow electronic communication" (ECF Nos. 23 & 25) are **DENIED AS MOOT**. Plaintiff is also advised that extraneous materials, such as ECF Nos. 13–18, should not be filed in this Court. Not including the items mentioned below, nothing further need be filed in this Court, as the case is closed.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

**SO ORDERED** this   5th   day of April, 2016.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court

4

Case 1:16-cv-00037-WCG   Filed 04/05/16   Page 4 of 4   Document 27